IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEKALB COUNTY, GEORGIA, et al.,<br><br>    Plaintiffs,<br><br>       v.<br><br>FEDERAL HOUSING FINANCE AGENCY, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:12-CV-2470-TWT |

OPINION AND ORDER

DeKalb County, Georgia, and the DeKalb County Clerk of Superior Court filed this action to collect unpaid real estate transfer taxes from Defendants Fannie Mae, Freddie Mac, and the Federal Housing Finance Agency. The Defendants claim that their federal charters exempt them from paying any state taxes except taxes on real property. The Court sides with the great weight of authority and concludes that the Defendants are exempt from paying the transfer taxes at issue here.

I. Background

Plaintiff DeKalb County argues it is entitled to collect taxes from the Defendants pursuant to O.C.G.A. § 48-6-1. That statute imposes a tax "on each deed,

instrument, or other writing by which any lands, tenements, or other realty sold is granted, assigned, transferred or otherwise conveyed to or vested in the purchaser or purchasers… when the consideration or value of the interest or property conveyed… exceeds $100.00." O.C.G.A. § 48-6-1 (the "Transfer Tax"). The amount due under the Transfer Tax is in part derived from the value of the interest or property conveyed. The Plaintiffs allege that Defendants Federal National Mortgage Association ("Fannie Mae") and Federal Home Loan Mortgage ("Freddie Mac") "have been the grantors and/or grantees in many real estate transactions in DeKalb County that they have recorded with the Clerk of Superior Court and for which they have not paid the Transfer Tax." (Am. Compl. ¶ 12). The Plaintiffs contend that Fannie Mae and Freddie Mac inaccurately claimed entitlement to a government exemption. (Id. at ¶ 15). Fannie Mae and Freddie Mac have been in conservatorship since September 2008, and Defendant Federal Housing Finance Agency ("FHFA") has been "responsible for managing the affairs of Fannie Mae and Freddie Mac" since that time. (Id. at ¶ 5).

The Plaintiffs seek a declaratory judgment that Fannie Mae and Freddie Mac are required to pay the Transfer Tax. The Plaintiffs also seek to recover for payments due under the Transfer Tax. The Plaintiffs further seek recovery under theories of unjust enrichment and quantum meruit, and under O.C.G.A. § 48-2-61, arguing that

the Defendants structured their sales and assignments of property in order to avoid the payment of taxes. (Am. Compl. ¶¶ 18-39).

The Defendants filed a motion to dismiss on November 19, 2012. The Defendants argue that their federal charters exempt them from the obligation to pay any state taxes except real property taxes. The Defendants contend that a host of federal cases have ruled that they are not required to pay excise taxes such as the Transfer Tax here. The Plaintiffs oppose the motion arguing that Supreme Court precedent supports their position.

## II.  Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry

and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

### III. Discussion

The Defendants' motion to dismiss is predicated on their argument that they are statutorily exempted from all state and local taxation. Defendant Fannie Mae is a government-sponsored entity chartered by the United States Congress to "provide stability in the secondary market for residential mortgages" and "promote access to mortgage credit throughout the Nation." 12 U.S.C. § 1716. Likewise, Defendant Freddie Mac is a government-sponsored entity, chartered by Congress, and has a mission to "provide ongoing assistance to the secondary market for residential mortgages" and "promote access to mortgage credit throughout the Nation." 12 U.S.C. § 1451.[1]

---

[1] Defendant Federal Housing Finance Agency ("FHFA") holds regulatory and oversight authority over Defendants Fannie Mae and Freddie Mac. In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorship. As conservator, FHFA has the power to "conduct all of [Fannie Mae and Freddie Mac's]

The statute that serves as the charter for Fannie Mae provides that Fannie Mae along with,

> its franchise, capital, reserves, surplus, mortgages or other security holdings, and income, shall be exempt from all taxation now or hereafter imposed by any State, territory, possession, Commonwealth, or dependency of the United States, or by the District of Columbia, or by any county, municipality, or local taxing authority, except that any real property of the corporation shall be subject to State, territorial, county, municipal, or local taxation to the same extent as other real property is taxed.

12 U.S.C. § 1723(a)(c)(2).  Likewise, Freddie Mac's charter states that Freddie Mac,

> including its franchise, activities, capital, reserves, surplus, and income, shall be exempt from all taxation now or hereafter imposed by any territory, dependency, or possession of the United States or by any State, county, municipality, or local taxing authority, except that any real property of the Corporation shall be subject to State, territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed.

12 U.S.C. § 1452(e).

The Plaintiffs, relying on United States v. Wells Fargo Bank, 485 U.S. 351 (1988), argue that the statutory exemptions only apply to direct taxes, not excise taxes such as the Transfer Tax.  The Plaintiffs further argue that the Defendants are not

---

business," including the power to "preserve and conserve [Fannie Mae and Freddie Mac's] assets."  See 12 U.S.C. §4617(b)(2)(B).  The FHFA is similarly "exempt from all taxation imposed by any State, county, municipality, or local taxing authority, except that any real property of the Agency shall be subject to State, territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed."  12 U.S.C. § 4617(j)(2).

federal instrumentalities capable of claiming the exemption. The Plaintiffs' arguments are unpersuasive in the face of the long line of cases holding that the specific Defendants here are not required to pay taxes such as the Transfer Tax.

Indeed, in <u>Athens-Clarke County Unified Gov't v. Federal Hous. Fin. Agency</u>, No. 5:12-cv-355, 2013 U.S. Dist. LEXIS 68225 (M.D. Ga. May 14, 2013), Judge Treadwell ruled that the precise tax at issue here, O.C.G.A. § 48-6-1, does not apply to the Defendants. The court in <u>Athens-Clarke</u> addressed the same arguments that the Plaintiffs proffer here. First, the court concluded that the meaning of the statutory exception to "all taxation" is clear: "Fannie Mae and Freddie Mac are exempt from any and all taxes a state might otherwise apply to them, excluding, according to the exemption's exception, taxes on real property they own." <u>Id.</u> at *10. The court rejected the plaintiffs' argument that, according to the Supreme Court's holding in <u>Wells Fargo</u>, the phrase "all taxation" only refers to direct taxes, not excise taxes like the Transfer Tax. <u>See id.</u> at *14 (quoting <u>Wells Fargo</u>, 485 U.S. 355). The court disagreed with the plaintiffs' argument because the act "construed in <u>Wells Fargo</u> exempted a certain type of *property* [] from taxation and had nothing to do with exempting an *entity* from taxation," and the statutes exempting Fannie Mae, Freddie Mac, and FHFA exempt them as entities. The court instead relied on <u>Federal Land Bank of St. Paul v. Bismarck Lumber Co.</u>, 314 U.S. 95 (1941), which held that a

federal statute exempting an *entity* from taxation applies to both excise and direct taxes.  Id. at *18-19.  Next, Judge Treadwell concluded that Fannie Mae and Freddie Mac were federal instrumentalities as defined by the Supreme Court in Bismarck, rejecting another of the plaintiffs' arguments.  Id. at *20-21 (citing Bismarck, 314 U.S. at 102).  According to Bismarck, "any constitutional exercise of [Congress'] delegated powers is governmental [and,] when Congress constitutionally creates a corporation through which the federal government lawfully acts, the activities of such a corporation are governmental," and therefore the corporations, like Fannie Mae and Freddie Mac, are federal instrumentalities.  Id. at *20 (quoting Bismarck, 314 U.S. at 102).² Finally, the court rejected the plaintiffs' contention that the Transfer Tax is a real property tax for which Fannie Mae and Freddie Mac's exemptions do not apply. The court noted that "The Real Estate Transfer Tax is not a property tax; it is an excise tax on transactions involving the sale of property."  Id. at *25-26 (quoting Bankers Trust Co. v. Jackson, 236 Ga. App. 490, 491 (1999)).

The plaintiffs' arguments in Athens-Clarke mirror the Plaintiffs' arguments here, and the Court similarly concludes that the Plaintiffs cannot establish that the

---

² The court also rejected the plaintiffs' argument that Fannie Mae and Freddie Mac are no longer federal instrumentalities because their characters have changed considerably since their inception.  The court stated that "private entities may be shielded from paying state taxes by 'constitutional immunity or congressional exemption.'"  Athens-Clarke, 2013 U.S. Dist. LEXIS 68225, at *28 (quoting Arizona Dept. of Revenue v. Blaze Const. Co., Inc., 526 U.S. 32, 36-37 (1999)).

Defendants are required to pay the Transfer Tax. The Plaintiffs here cannot show that the reference to "all taxation" in the Defendants' charters is limited to only direct taxes. Rather, the statutes' plain language exempts all taxation except for taxes on real property. The Plaintiffs here also have not established that Wells Fargo applies because, as noted in Athens-Clarke, that case addressed the exemption of a specific property, not a specific entity. The charters here exempt the Defendants as entities. In this context, a distinction between direct taxes and excise taxes makes no sense. Further, the Plaintiffs here cannot establish that Fannie Mae and Freddie Mac are not federal instrumentalities because Fannie Mae and Freddie Mac are entities created by Congress through which Congress exercises its powers. Finally, the Plaintiffs are unable to show that the Transfer Tax is a real property tax because the tax is an excise tax on transactions involving the transfer of property, not on the property itself.

      The Plaintiffs rely on Oakland County v. Federal Housing Fin. Agency, 871 F. Supp. 2d 662 (E.D. Mich. 2012), which held that Fannie Mae and Freddie Mac were only exempt from direct taxes. However, that decision has since been reversed by the Sixth Circuit Court of Appeals. See County of Oakland v. Federal Hous. Fin. Agency, 716 F.3d 935 (6th Cir. 2013). The Sixth Circuit held that Fannie Mae and Freddie Mac were exempt from excise taxes like the Transfer Tax. See id. at 940 ("[T]he common sense, non-technical interpretation of 'all taxation' has to include the State

and County real estate transfer taxes here, which impose a tax on the 'seller or grantor' when a deed or other instrument of conveyance is recorded during the transfer of real property.'"). The Court notes that every other federal court to review this issue has concluded that Fannie Mae and Freddie Mac are exempt from all state taxes except real property taxes, which do not include transfer taxes. See, e.g., Dogget v. Federal Hous. Fin. Agency, No. 2:12-cv-553, 2013 WL 2920388 (M.D. Fla. June 13, 2013); McNulty v. Federal Hous. Fin. Agency, No. 3:12-cv-1822, 2013 WL 3147641 (M.D. Pa. June 19, 2013); Milwaukee Cnty. v. Fannie Mae, No. 12-cv-0732, 2013 WL 3490899 (E.D. Wis. July 10, 2013); Nicolai v. Federal Hous. Fin. Agency, No. 8:12-cv-1335, 2013 WL 899967 (M.D. Fla. Feb. 12, 2013); District of Columbia ex. Rel. Hager v. Fannie Mae, 882 F. Supp. 2d 107 (D.D.C. 2012); Hertel v. Bank of Am., 897 F. Supp. 2d 579 (W.D. Mich. 2012). Accordingly, the Defendants' motion to dismiss should be granted.[3]

---

[3] The Plaintiffs concede that their claims for recovery under theories of unjust enrichment and quantum meruit, as well as their claim for improper avoidance of the Transfer Tax under O.C.G.A. § 48-2-61, cannot survive if the Defendants are not liable to pay the Transfer Tax under O.C.G.A. § 48-6-1. (See Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss at 17).

IV. Conclusion

For the reasons set forth above, the Defendants' Motion to Dismiss the Plaintiffs' First Amended Complaint [Doc. 12] is GRANTED.  The Defendants' Motion to Dismiss the initial complaint [Doc. 5] is DENIED as MOOT.

SO ORDERED, this 30 day of August, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge